UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS R. DOMENECK,

                Plaintiff,

-against-

THE CITY OF NEW YORK; OFFICER S. RICHARDSON; and OFFICER A. AKHAQUE,

                Defendants.

**MEMORANDUM
OPINION & ORDER**

18 Civ. 7419 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        In this Section 1983 action, pro se Plaintiff Luis Domeneck alleges that Defendant – the City of New York (the "City")[1] – violated his constitutional rights by seizing his vehicle without a warrant. Plaintiff brings claims for unreasonable seizure under the Fourth Amendment and Article I, Section 12 of the New York Constitution, violation of procedural due process under the Fourteenth Amendment, and cruel and usual punishment under the Eighth Amendment. The City moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In a September 29, 2019 Order (Dkt. No. 27), this Court granted in part and denied in part the City's motion. The purpose of this opinion is to explain the Court's reasoning.

---

[1] The Complaint also names Officer S. Richardson and Officer A. Akhaque as defendants, but they have not been served. (Dkt. Nos. 10, 11) Accordingly, this opinion does not address these named Defendants.

# BACKGROUND[2]

## I.     FACTS

The Complaint alleges that Plaintiff – a resident of the Bronx – was driving his car in Manhattan on August 15, 2015. (Cmplt. (Dkt. No. 2) at 3, 5) While stopped at a red light, he "noticed a female . . . on the sidewalk" and "attempted to flirt with [her] . . . out of [his] passenger side window." (Id. at 5) At that point, "an unmarked vehicle with flashing lights appeared[,] and several men without uniforms flashed [their] badges, [and] asked for [Plaintiff's] license and registration." (Id.) One of the men asked Plaintiff if he owned the vehicle he was driving; Plaintiff replied that he did. (Id.) The men then ordered Plaintiff to exit the vehicle and sit on the curb. (Id.)

About an hour later, officers informed Plaintiff that his car would be seized. (Id.) The Complaint alleges that Plaintiff is disabled and "cannot use public transportation due to [his] inability to use stairs or walk any significant distance [or] stand for long periods of time." (Id. at 5-6) He therefore had "no method of returning to [his] residence" after the police seized his vehicle. (Id.)

---

[2] Unless otherwise indicated, the following facts are drawn from the Complaint and are presumed true for purposes of resolving Defendant's motion to dismiss. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). "In assessing the legal sufficiency of [a plaintiff's] claim[s] [on a motion to dismiss,]" the court may "consider . . . the complaint and any documents attached thereto or incorporated by reference and 'documents upon which the complaint relies heavily.'" Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y., 678 F.3d 184, 187 (2d Cir.2012) (quoting In re Citigroup ERISA Litig., 662 F.3d 128, 135 (2d Cir.2011) (internal quotation marks omitted). A court considering a motion to dismiss may also take judicial notice of publicly filed documents. The Court "rel[ies] on [such] public documents not for the truth of the facts set forth therein, but for the fact that the documents existed." Vazquez v. City of New York, No. 99 Civ. 4606 (DC), 2000 WL 869492, at *1n.1 (S.D.N.Y. June 29, 2000).

Attached to the Complaint is Harrell v. City of New York, 138 F. Supp. 3d 479 (S.D.N.Y. 2015), a summary judgment opinion in a Section 1983 case. In Harrell, the plaintiffs were individuals whose vehicles were seized by the City without a warrant. Each vehicle was seized "because a Taxi and Limousine Commission ('TLC') inspector had probable cause to believe the vehicle was being operated as an unlicensed vehicle for hire in violation of N.Y. City Administrative Code § 19-506(b)(1)." Id. at 484. The Harrell plaintiffs claimed that "the City's . . . policy of seizing vehicles suspected of violating § 19-506(b)(1) without a warrant or pre-deprivation hearing[] violates the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 12 of the New York Constitution." Id. at 487. The Harrell court agreed with plaintiffs' argument, to the extent that Section 19-506(b)(1) is applied to first-time offenders. Id. at 488, 492, 496.

Finally, the Court takes judicial notice of the following: (1) on August 15, 2015 – the date of the incident at issue in this case – the City issued a summons to Plaintiff for allegedly violating Section 19-506(b)(1) (see Summons (Dkt. No. 19-1)); and (2) on August 17, 2015, Plaintiff pleaded guilty to violating Section 19-506(b)(1) before the TLC (see Guilty Plea and Stipulation (Dkt. No. 19-3)).[3]

---

[3] The City submitted a declaration in support of its motion to dismiss, attaching, inter alia, the August 15, 2015 summons, and Plaintiff's August 17, 2015 guilty plea. (See Gutmann Decl. (Dkt. No. 19)) On a motion to dismiss, the Court may consider materials extrinsic to the complaint if they are "appropriate subjects for judicial notice." Bejaoui v. City of New York, No. 13 Civ. 5667 (NGG) (RML), 2015 WL 1529633, at *4 (E.D.N.Y. Mar. 31, 2015). A district court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A summons is an appropriate subject for judicial notice. See Shenery v. City of New York, No. 17 CIV. 5804 (LGS), 2018 WL 3821630, at *1 (S.D.N.Y. Aug. 10, 2018) (taking judicial notice of a summons for a civil violation). However, the Court may take judicial notice only of the fact

The Complaint was filed on August 15, 2018. Reading Plaintiff's pro se Complaint liberally – as is required, see Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) – the Court understands Plaintiff to allege that the City seized his vehicle because he was suspected of violating Section 19-506(b)(1) and, in doing so, violated his rights under the Fourth, Fourteenth, and Eighth Amendments, as well as Article I, Section 12 of the New York Constitution. Plaintiff seeks $100,000 in damages. (Cmplt. (Dkt. No. 2) at 6)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff" id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

---

that Plaintiff received a summons for violating Section 19-506(b)(1); the Court cannot rely on the summons for the truth of the matters asserted therein. See, e.g., Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

Finally, it is well-settled that a court may take judicial notice of the fact of a guilty plea. See, e.g., S.E.C. v. Aragaon Capital Adv. LLC, No. 07 Civ. 919 (FM), 2011 WL 3278907, at *10 (S.D.N.Y. July 26, 2011) ("A court ... may take judicial notice of indisputable facts, such as a guilty plea.").

4

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle N.E. Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

### B. Pro Se Complaints

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder, 175 F. Supp. 3d at 87 (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## II.     NEW YORK CITY ADMINISTRATIVE CODE § 19-506

New York City Administrative Code § 19-506 concerns the regulation of motor vehicles used to transport passengers for hire. Under Section 19-506(b)(1),

> any person who shall permit another to operate or who shall knowingly operate or offer to operate for hire any vehicle as a taxicab, coach, wheelchair accessible van, commuter van, hail vehicle or for-hire vehicle in the city, without first having obtained or knowing that another has obtained a license for such vehicle . . . shall be guilty of a violation, and upon conviction in the criminal court shall be punished by a fine of not less than one thousand dollars or more than two thousand dollars or imprisonment for not more than sixty days, or both such fine and imprisonment. This paragraph shall apply to the owner of such vehicle and, if different, to the operator of such vehicle.

N.Y.C. Admin. Code § 19-506(b)(1). "In addition to or as an alternative to" the criminal violation described above, a violator of Section 19-506(b)(1) may also be liable for a civil penalty. Id. § 19-506(e)(1) (permitting civil penalties of $1,500 for a first violation, and $2,000 for a second violation within a thirty-six month period). Any civil penalty is imposed by the TLC after notice and a hearing. Id. § 19-506(e)(3).

If the owner of a vehicle is found liable for two or more violations of Section 19-506(b)(1) within a thirty-six month period, "the interest of such owner in any vehicle used in the commission of any such second or subsequent violation shall be subject to forfeiture upon notice and judicial determination." Id. § 19-506(h)(2). However, the vehicle of a first-time violator of § 19-506(b)(1) is not subject to forfeiture to the City. Id.

Section 19-506 provides TLC officers and police officers with the authority to seize vehicles used in the commission of a Section 19-506(b)(1) violation:

> Any [TLC officer] and any police officer may seize any vehicle which he or she has probable cause to believe is operated or offered to be operated without a vehicle license in violation of paragraph one of subdivision b of this section . . . . Therefore, either the commission or an administrative tribunal of the commission at a proceeding commenced in accordance with subdivision e of this section, or the criminal court, as provided in this section, shall determine whether a vehicle seized pursuant to this subdivision was operated or offered to be operated in

> violation of any such subdivision. The commission shall have the power to promulgate regulations concerning the seizure and release of vehicles and may provide in such regulations for reasonable fees for the removal and storage of such vehicles. Unless the charge of violating subdivision b . . . of this section is dismissed, no vehicle seized pursuant to this subdivision shall be released until all fees for removal and storage and the applicable fine or civil penalty have been paid or a bond has been posted in a form and amount satisfactory to the commission, except as is otherwise provided for vehicles subject to forfeiture pursuant to paragraph two of this subdivision.

Id. § 19-506(h)(1).

Accordingly, Section 19-506(h)(1) authorizes the City to seize any vehicle if there is probable cause to believe that its driver is committing a violation of Section 19-506. Id. § 19-506(h)(1). However, the City is only authorized to seek forfeiture of vehicles whose owner has committed two or more violations of Section 19-506 within a thirty-six month period. Id. § 19-506(h)(2).

In Harrell v. City of New York, 138 F. Supp. 3d 497 (S.D.N.Y. 2015) – the decision that Plaintiff attached to his Complaint – Judge Caproni considered whether "§ 19-506(h)(1), the City's codified policy of seizing vehicles suspected of violating § 19-506(b)(1) without a warrant or pre-deprivation hearing, violates the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 12 of the New York Constitution." Id. at 487.

She concluded that the seizure of vehicles that are not subject to forfeiture – i.e., vehicles operated by a first-time violator of Section 19-506(b)(1) – constitutes an unreasonable seizure and violates the Fourth Amendment and Article I, Section 12 of the New York Constitution. Id. at 488. In finding such a violation, Judge Caproni held that such seizures do not fall within any exception to the warrant requirement. Id. at 489 ("[T]he City argues that the seizures are constitutional because the vehicles are seized in public, the vehicles are instrumentalities of crime or are contraband, the seizures are based on probable cause, exigent circumstances justify the seizures because the vehicles are inherently dangerous, and the seizures

7

are justified to protect public safety. None of the City's arguments has merit." (citations to briefs omitted)). Judge Caproni concluded that

> [t]here is no question that regulating vehicles that operate for-hire is a legitimate exercise of police power. But summary deprivation of property is not. The City has powerful, legitimate tools at its disposal. . . . What it cannot do, consistent with the Fourth Amendment, is summarily seize property to deter future violations from an <u>alleged</u> violator and hold the property as leverage to ensure payment of a penalty – <u>if</u> the violator is found guilty when the allegations against him are adjudicated.

<u>Id.</u> at 492 (emphasis in original).

Judge Caproni also concluded that the seizure of vehicles belonging to first-time violators of Section 19-506(b)(1) violates the due process clause of the Fourteenth Amendment: "[b]ecause the Court concludes that seizures of vehicles belonging to alleged first-time violators pursuant to § 19-506(h)(1) are unconstitutional under the Fourth Amendment, it follows that the rule that postpones notice to the owner and an opportunity to be heard until after seizure also violates the Due Process Clause." <u>Id.</u> at 493. Judge Caproni further found that the post-deprivation hearing provided by the City is not adequate under the due process clause, particularly given that the vehicles of first-time offenders are not subject to forfeiture. <u>Id.</u> at 494-95.

In <u>DeCastro v. City of New York</u>, 278 F. Supp. 3d 753 (2017), Judge Abrams considered whether "the forfeiture provision of § 19-506(h)(2) justifies the City's failure to obtain warrants or conduct hearings before seizing vehicles owned or operated by individuals suspected of unlicensed activity." <u>Id.</u> at 768. Judge Abrams concludes that warrantless seizures of vehicles owned by individuals with two or more violations of Section 19-506(b)(1) within a thirty-six month period – <u>i.e.</u>, vehicles that <u>are</u> subject to forfeiture – constitutes a violation of the Fourth Amendment. <u>Id.</u> at 772. Judge Abrams notes that – based on the procedures the City uses when seizing a vehicle – the City does not know at the time of seizure whether the vehicle is

8

subject to forfeiture. Id. at 770-71. Accordingly, the warrantless seizure could not be justified pursuant to the forfeiture exception to the warrant requirement. Id. at 771.

Judge Abrams further concludes, however, that the City's policy does not violate the due process clause of the Fourteenth Amendment. Id. at 775. Although owners are not afforded a hearing prior to the deprivation of their vehicles, the City's post-deprivation hearings satisfy due process. Id. at 774.

### III.    COLLATERAL ESTOPPEL

In opposing the City's motion to dismiss, Plaintiff invokes the doctrine of offensive collateral estoppel, arguing that the City is barred from relitigating issues decided in Harrell and DeCastro. (Pltf. Opp. (Dkt. No. 22) at 1-5) Plaintiff points out that, in DeCastro, Judge Abrams concluded that the City was barred from relitigating issues decided in Harrell, and the same reasoning should apply here. (Id. at 3-4) The City does not address this argument. (Def. Reply (Dkt. No. 25))

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002). "Issue preclusion 'bars litigation of an issue when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" DeCastro, 278 F. Supp. 3d at 764 (quoting Proctor v. LeClaire, 715 F.3d 402, 414 (2d Cir. 2013)).

Although identity of parties was formerly a prerequisite for invoking collateral estoppel, see Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), courts now permit "the 'offensive' use of collateral estoppel by a non-party to a prior

9

lawsuit." United States v. Mendoza, 464 U.S. 154, 158–59 (1984) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)). "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." Id. at 159 n.4.

Here, application of collateral estoppel is not appropriate, because the Court is not certain that "the identical issue[s] were raised in a previous proceeding." The pending motion is a motion to dismiss. There is no record before this Court as to the City's current policies and procedures concerning the enforcement of Section 19-506. Harrell and DeCastro – both summary judgment decisions – turn in part on the manner in which the City enforces Section 19-506. For example, DeCastro concludes that Section 19-506(h)(1) violates the Fourth Amendment, because at the time of seizure the City does not know whether the vehicle is subject to forfeiture. DeCastro, 278 F. Supp. 3d at 772. This finding is based on affidavits and declarations from City officials explaining the manner in which the City enforces Section 19-506(b)(1). No such record is before this Court. Accordingly, it is not clear whether "the identical issues" are raised here, and it is thus not appropriate to apply collateral estoppel at this time.[4]

---

[4] It is also not clear that offensive collateral estoppel can be used against the City. In United States v. Mendoza, 464 U.S. 154 (1984), the Supreme Court held that offensive collateral estoppel cannot be used against the federal government. Id. at 157. The Court explained that

> [a] rule allowing nonmutual collateral estoppel against the government in such cases would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue. Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari.

Id. at 160 (citing E.I. duPont de Nemours & Co. v. Train, 430 U.S. 112, 135 n.26 (1977); Califano v. Yamasaki, 442 U.S. 682, 702 (1979)). "Courts are split on the question of whether

## IV. PLAINTIFF'S CLAIMS

### A. Fourth Amendment

#### 1. Applicable Law

The Fourth Amendment protects the rights of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; see, e.g., United States v. Ramirez, 523 U.S. 65, 71 (1998). The Supreme Court has instructed that the "ultimate touchstone of the Fourth Amendment is reasonableness." Riley v. California, 573 U.S. 373, 381 (2014) (citation and internal quotations omitted).

To plead a claim for unreasonable seizure in violation of the Fourth Amendment, Plaintiff must allege that (1) "the taking of his [vehicle] was indeed a 'seizure' as defined by the Fourth Amendment," and (2) "that seizure was unreasonable." Rothman v. City of New York, No. 19 CIV. 0225 (CM), 2019 WL 3571051, at *4 (S.D.N.Y. Aug. 5, 2019). A seizure occurs when "there is some meaningful interference with an individual's possessory interests in [his] property." United States v. Jones, 565 U.S. 400, 419 (2012). The reasonableness of a seizure requires a "'careful balancing of governmental and private interests.'" Harrell, 138 F. Supp. 3d at 488 (quoting Soldal v. Cook Cnty., Ill., 506 U.S. 56, 71 (1992)). That said, "[s]ubject to limited exceptions, a search or seizure conducted without a warrant is presumptively

---

Mendoza prohibits the use of nonmutual offensive collateral estoppel against state or municipal governments," and the Second Circuit has yet to address this issue. DeCastro, 278 F. Supp. 3d at 764 n.13 (comparing Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 714 (9th Cir. 2005) (holding that Mendoza applies in a suit against a state agency), and Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (same), with Milton S. Kronheim & Co. v. District of Columbia, 91 F.3d 193, 209 n.4 (D.C. Cir. 1996) (declining to extend Mendoza's rule against nonmutual offensive collateral estoppel to an action against the District of Columbia), In re Stevenson, 615 Pa. 50, 40 A.3d 1212, 1222 n.8 (2012) (declining to extend "the Mendoza doctrine" to state governments), and State v. United Cook Inlet Drift Ass'n, 895 P.2d 947, 951 (Alaska 1995) (declining to extend Mendoza to a suit against a state government)).

unreasonable." United States v. Ganias, 755 F.3d 125, 133 (2d Cir. 2014) (citing Kyllo v. United States, 533 U.S. 27, 31 (2001)). Further, "without an applicable exception, statutes authorizing warrantless searches and seizures of commercial premises are presumptively unconstitutional." Gem Fin. Serv., Inc. v. City of New York, 298 F. Supp. 3d 464, 495 (E.D.N.Y. 2018), as amended (June 27, 2018) (citing City of Los Angeles, Calif. v. Patel, 135 S. Ct. 2443, 2452 (2015)).

### 2. Analysis

Here, the City does not dispute that the Complaint adequately pleads a seizure of Plaintiff's vehicle within the meaning of the Fourth Amendment. The City contends, however, that the seizure was reasonable, because the City had probable cause to believe that Plaintiff had committed a crime. According to the City, the Defendant's guilty plea demonstrates that the City had probable cause to believe that Plaintiff had committed a crime. (Def. Br. (Dkt. No. 20) at 12)

It is correct that a guilty plea is sufficient to demonstrate that there was probable cause to arrest, and precludes a false arrest claim under Section 1983. See, e.g., Green v. Gonzalez, No. 09 Civ. 2636, 2010 WL 5094324, at *2 (S.D.N.Y. Nov. 22, 2010) ("[A] plaintiff can under no circumstances recover [on a claim for false arrest] if he was convicted of the offense for which he was arrested. This is true regardless of whether a plaintiff is convicted at trial or upon entry of a guilty plea." (internal quotation marks omitted)), adopted by 2011 WL 1118711 (S.D.N.Y. Mar. 24, 2011); Feurtado v. Gillespie, No. 04 Civ. 3405(NGG), 2005 WL 3088327, at *4 (E.D.N.Y. Nov. 17, 2005) ("When a Section 1983 plaintiff . . . pleads guilty to the underlying or a lesser charge, th[is] fact[ ] alone provide[s] sufficient evidence that probable cause existed at the time of the arrest and preclude[s] a false arrest claim under Section 1983." (emphasis in original) (citations omitted); see also McLaurin v. New Rochelle Police Officers,

439 Fed. Appx. 38, 39 (2d Cir. 2011) ("An independent review of the record confirms that the district court properly granted summary judgment . . . with respect to the § 1983 false arrest claims, on the ground that Appellant's conviction established probable cause for the arrest as a matter of law." (citing Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986)))

This case does not present a false arrest claim, however, and involves the seizure of property rather than the seizure of a person. The cases cited by the City are not on point, because they concern the seizure of a person without a warrant, rather than the warrantless seizure of property. (See Def. Br. (Dkt. No. 20) at 12-15 (citing Bailey v. United States, 568 U.S. 186, 192 (2013) (seizure of a person); Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (same); Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (same); Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004) (same); Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (same); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (same); Harris v. City of New York, No. 09-CV-3474 KAM, 2013 WL 4858333, at *6 (E.D.N.Y. Sept. 10, 2013) (same); Papeskov v. Brown, No. 97 CIV. 5351 (SS), 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998) (same); Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (same)).

As to seizures of property, such "seizures without a warrant can be reasonable if law enforcement has probable cause to believe that the property is contraband, evidence [or instrumentality] of a crime, or otherwise subject to forfeiture." Harrell, 138 F. Supp. 3d at 490 (citing Florida v. White, 526 U.S. 559, 565 (1999); United States v. Gaskin, 364 F.3d 438, 458 (2d Cir. 2004)).

Whether the probable cause exception to the warrant requirement applies here depends on facts not available to this Court at this stage of the proceedings.[5] Accordingly, the Court cannot dismiss Plaintiff's Fourth Amendment claim on the ground that the seizure of Plaintiff's vehicle was supported by probable cause.

The City also argues that Plaintiff's Fourth Amendment claim must be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that

> in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 487. Here, the City argues that because "plaintiff's unreasonable seizure claim would necessarily imply the invalidity of his guilty plea, plaintiff's claim is subject to the Heck-bar." (Def. Br. (Dkt. No. 20) at 15) This argument is not persuasive.

The City is not authorized to seize all property belonging to an individual who commits a crime. Stated another way, a seizure of property may be unconstitutional even where the owner of that property has committed a crime. Assuming arguendo that this Court found that the City's seizure of Plaintiff's vehicle was unconstitutional, such a ruling would not

---

[5] In Harrell and DeCastro, the courts concluded that seizures under Section 19-506(h)(1) do not fall within the probable cause exception to the warrant requirement. In so holding, the Harrell court noted that "vehicles are not contraband," Harrell, 138 F. Supp. 3d at 490-91 (citing Von Hofe v. United States, 492 F.3d 175, 184 (2d Cir. 2007) ("Pure contraband – child pornography, counterfeit currency, and unregistered hand grenades, for instance – are objects, 'the possession of which, without more, constitutes a crime.'" (quoting One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 699, (1965)))), and are not "instrumentalities of a crime as that term has been used by the Supreme Court and Second Circuit," id. (citing Von Hofe, 492 F.3d at 185 (noting that "only after criminal conviction may an in personam forfeiture occur"). In DeCastro, the court ruled that the probable cause exception did not apply because the City seized the vehicles at issue without knowing whether they were subject to forfeiture. DeCastro, 278 F. Supp. 3d at 769-70.

14

"necessarily imply" that Plaintiff's guilty plea was invalid. Accordingly, Plaintiff's claim is not barred by Heck.

The City raises no other arguments in favor of dismissing Plaintiff's Fourth Amendment claim. Because the seizure of Plaintiff's vehicle without a warrant is presumptively unreasonable, and because the City has not demonstrated that an exception to the warrant requirement applies, Defendant's motion to dismiss Plaintiff's Fourth Amendment claim will be denied.

B.     **New York Constitution**

Plaintiff also raises a claim for unreasonable seizure under Article I, Section 12 of the New York State Constitution, which guarantees the same rights protected by the Fourth Amendment.[6] "[T]he proscription against unlawful searches and seizures [under the New York Constitution] conforms with that found in the [Fourth] Amendment." People v. Johnson, 66 N.Y.2d 398, 406 (1985). Accordingly, "to the extent the Fourth Amendment is violated by the City's policy, the New York Constitution is also."[7] Harrell, 138 F.Supp. 3d at 486 n.12. Because

---

[6] This provision reads, in part:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

N.Y.S. Const., Art. I, § 12.

[7] "The New York Court of Appeals has indicated, however, that remedies available for violations of the State constitution may be broader than those available under 42 U.S.C. § 1983." Harrell, 138 F.Supp. 3d. at 486 n.12 (citing Brown v. State of New York, 89 N.Y.2d 172, 193-94 (1996)).

15

Plaintiff has stated a claim for unreasonable seizure under the Fourth Amendment, he has also stated a claim for unreasonable seizure under Article I, Section 12 of the New York Constitution.

C. **Fourteenth Amendment**

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." Bryant v. New York State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012) (citing Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir.1988)). The "general rule" derived from the Due Process Clause is "that individuals must receive notice and opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993). However, "[d]ue process does not, in all cases, require a hearing before the state interferes with a protected interest, so long as 'some form of hearing is [provided] before an individual is finally deprived of [the] property interest.'" Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011) (quoting Brody v. Vill. of Port Chester, 434 F.3d 121, 134 (2d Cir. 2005)); see Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Where a pre-deprivation hearing is impractical and a post-deprivation hearing is meaningful, the State satisfies its constitutional obligations by providing the latter."). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Nnebe, 644 F.3d at 158 (citation omitted).

"The appropriate process depends on the balancing of three factors," laid out in Mathews v. Eldridge, 424 U.S. 319 (1976): "(1) 'the private interest that will be affected by the official action;' (2) 'the risk of erroneous deprivation of such interest through the procedures used;' and (3) 'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would

entail.'" Panzella v. Sposato, 863 F.3d 210, 218 (2d Cir. 2017) (quoting Mathews, 424 U.S. at 335).

Here, the Complaint contains no allegations as to what process Plaintiff received in connection with the deprivation of his vehicle. It is clear that Plaintiff did not receive a pre-deprivation hearing, but the Complaint is silent as to whether he received a post-deprivation hearing, or what ultimately became of Plaintiff's vehicle. The Court cannot reasonably infer from the Complaint that Plaintiff did not receive a post-deprivation hearing, or that any such hearing was insufficient.

In sum, Plaintiff has not plausibly alleged that the process he received was insufficient. Accordingly, his Fourteenth Amendment claim must be dismissed.

### D. Eighth Amendment

Plaintiff claims that the seizure of his vehicle constitutes cruel and unusual punishment under the Eight Amendment. "The Court must dismiss this claim because the Eighth Amendment attaches only after conviction." Lindsey v. Butler, 43 F. Supp. 3d 317, 325 (S.D.N.Y. 2014) (citing De Campoamor v. Horodecki, 122 F.3d 1055, at *2 (2d Cir.1997) ("Even absent a procedural default, [plaintiff's] argument is without merit. Eighth Amendment protections against the use of force attach only after conviction" (citing Whitley v. Albers, 475 U.S. 312, 318–26 (1986))); Wims v. New York City Police Dep't, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *5 (S.D.N.Y. July 20, 2011) ("[T]he Eighth Amendment does not attach until after conviction and sentencing, as 'it was designed to protect those convicted of crimes.'" (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977))).

### E. *Monell* Liability

A municipality can only be held liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Second Circuit has explained that a plaintiff

> must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officers. Second, the plaintiff must establish a causal connection – an "affirmative link" – between the policy and the deprivation of his constitutional rights.

Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). "Policy, in the Monell sense, may of course be made by the municipality's legislative body . . . ." Vives v. City of New York, 524 F.3d 346, 350 (2d Cir. 2008) (citing Owens v. City of Independence, Mo., 445 U.S. 622, 628-629 (1980)).

Here, Plaintiff alleges that a New York City law – New York City Administrative Code § 19-506(h)(1), which permits City officials to seize a vehicle if the owner is suspected of violating Section 19-506(b)(1) – is unconstitutional, and caused the harm at issue – the seizure of Plaintiff's car. A City law is plainly a government policy. Accordingly, Plaintiff has sufficiently pled Monell liability.

V.      **LEAVE TO AMEND**

With respect to leave to amend, the Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). "'Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.'" Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)). "One appropriate basis for denying leave to amend is that the proposed amendment is futile. . . . An

amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (internal citations omitted).

Here, Plaintiff's Eighth Amendment claim fails because the alleged harm occurred prior to Plaintiff's conviction, and the Eighth Amendment attaches only after conviction. Accordingly, amending this claim would be futile.

However, Plaintiff's Fourteenth Amendment claim fails because he has not pled facts regarding the process that he received in connection with the deprivation of his vehicle. Plaintiff may be able to remedy this defect. Accordingly, Plaintiff is granted leave to amend as to his Fourteenth Amendment claim. Any motion for leave to file an Amended Complaint must be filed by **December 5, 2019**. The proposed Amended Complaint is to be attached as an exhibit to the motion.

## CONCLUSION

For the reasons stated above, this Court's September 29, 2019 Order granted the City's motion to dismiss as to Plaintiff's Fourteenth and Eighth Amendment claims, but denied the City's motion as to Plaintiff's Fourth Amendment claim.

The Clerk of Court is instructed to send a copy of this memorandum opinion and order by certified mail to pro se Plaintiff Luis R. Domeneck, 1176 E. 215th Street, #1C, Bronx,

New York 10469.

Dated: New York, New York
November 5, 2019

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge